JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-07357 PA (CTx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | Inter-Coast International Training, Inc. v. Orosco, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Susan Orosco ("Defendant") on October 9, 2009. Defendant asserts that federal subject matter jurisdiction exists on the basis of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

"[R]emoval based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990). "It is well established that the party who brings a suit is master to decide what law he will rely upon, and if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." Id. (internal quotation and citations omitted).

Here, plaintiff Inter-Coast International Training, Inc. ("Plaintiff") brought a single cause of action in California state court for declaratory relief. Specifically, the complaint alleges that Defendant demanded monies from Plaintiff, Defendant's former employer, which included unpaid overtime, meal penalties and waiting time penalties. Plaintiff seeks a declaration that "no monies are due to Defendant Orosco, and that all compensation, wages, or other monies have been paid to Defendant Orosco." (Complaint ¶ 10.) The complaint does not allege any independent basis for federal jurisdiction.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-07357 PA (CTx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | Inter-Coast International Training, Inc. v. Orosco, et al. | | |

Although Defendant claims that federal subject matter jurisdiction exists because Defendant's demand letter to Plaintiff demanded unpaid wages under the California Labor Code and the federal Fair Labor Standards Act, Plaintiff makes no such reference in the complaint. Accordingly, Defendant has not met her heavy burden to demonstrate that federal jurisdiction exists here.

For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, Case No. BC419293. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.